**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TIMOTHY J. MCNAMARA,
    Appellant,

        v.

DEPARTMENT OF STATE,
    Agency.

DOCKET NUMBER
DC-1221-15-0813-W-1

DATE: November 29, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Timothy J. McNamara</u>, Chula Vista, California, pro se.

<u>Marianne Perciaccante</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant did not exhaust his remedies as to his first Office of Special Counsel (OSC) complaint, but did exhaust as to his second OSC complaint, we AFFIRM the initial decision.

## BACKGROUND

¶2     On November 13, 2013, the appellant retired from his position as an Information Program Officer with the Foreign Service. Initial Appeal File (IAF), Tab 7 at 103. At some point thereafter, he filed a complaint with OSC in which he alleged that his retirement was a constructive discharge imposed upon him by agency officials in retaliation for his having filed a complaint with the Office of Inspector General (OIG) on May 23, 2013. IAF, Tab 1 at 4. In a March 26, 2015 letter, OSC notified the appellant that it had closed its file, and advised him of his right to file an IRA appeal with the Board. *Id.*

¶3     The appellant filed a timely appeal, IAF, Tab 1, and requested a hearing. *Id.* at 2. After the agency submitted its file in response, IAF, Tabs 5-9, and moved to dismiss the appeal for lack of jurisdiction, IAF, Tab 10, the administrative judge issued an order advising the appellant of the jurisdictional requirements for an IRA appeal based on a claim of retaliation for protected

disclosures under 5 U.S.C. § 2302(b)(8) and protected activity under 5 U.S.C. § 2302(b)(9)(A)(i)-(D), IAF, Tab 15, and directed him to file a statement, accompanied by evidence, addressing those jurisdictional requirements. *Id.* at 6-7.

¶4  The appellant responded to the order, IAF, Tabs 17-21, 23, and the agency again urged that the appeal be dismissed for lack of jurisdiction. IAF, Tab 22.

¶5  Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction, IAF, Tab 28, Initial Decision (ID) at 1, 15, finding that the matters the appellant disclosed to the OIG were not protected under 5 U.S.C. § 2302(b)(8). ID at 10-13. In the alternative, the administrative judge found that the appellant failed to prove that he exhausted his remedies with OSC. ID at 13-14.

¶6  The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3, and the appellant has filed a reply to the agency's response.[2] PFR File, Tab 4.

## ANALYSIS

¶7  As noted by the administrative judge, the appellant filed two complaints with OSC. The first complaint, MA-13-2836, was filed on May 1, 2013.[3] IAF, Tab 3. In that complaint, the appellant described abuse of authority and nepotism by the agency in violation of its regulations and statute when he was unjustly accused of sexual harassment and involuntarily curtailed from his post in Tijuana, Mexico, and reassigned to Washington, D.C. so that the Consul General could place her husband in the appellant's former position; when the agency suspended

---

[2] With his reply, the appellant has submitted documents related to the investigation into an equal employment opportunity complaint he filed on October 23, 2013. PFR File, Tab 4 at 19-167. We have not considered this part of his submission because a reply to a response to a petition for review is limited to the factual and legal issues raised in the response to the petition for review. 5 C.F.R. § 1201.114(a)(4).

[3] The administrative judge erroneously found that the appellant failed to provide a copy of this complaint. ID at 7.

his security clearance; and when it denied him access to the internal unclassified system.  However, the appellant did not, in the complaint, indicate that he disclosed any of this alleged wrongdoing.  *Id.*  Nepotism constitutes a violation of 5 U.S.C. § 2302(b)(7).  However, for an appellant to have an individual right of action allowing them to seek corrective action from the Board, they must allege a violation of  5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D).   5 U.S.C. § 1221(a).  It does not appear, therefore, that the Board has jurisdiction over OSC complaint MA-13-2836.  *Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 11 (2006) (finding that an appellant's submissions to OSC, which simply alleged that his supervisor and agency committed prohibited personnel practices, did not contain allegations that would have given OSC a sufficient basis to pursue an investigation of whistleblower reprisal as described in the Whistleblower Protection Act (WPA), thus failing to establish jurisdiction for an IRA appeal).

¶8        In any event, as to OSC's closure letter of December 5, 2013, the appellant did not file the instant appeal until May 29, 2015, well after the 60-day time limit provided under 5 U.S.C. § 1214(a)(3)A) or the 65-day time limit provided under 5 C.F.R. § 1209.5(a)(1).  Although the appellant argued below that he did not receive OSC's closure letter until April 14, 2014, IAF, Tab 26 at 57, he still did not file an appeal within 60 days of that date.  5 C.F.R. § 1209.5(a)(1).  Nor has he provided any reason why the filing period should be suspended under the doctrine of equitable estoppel.  *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014).  Therefore, as to OSC complaint MA-13-2386, even if the appellant exhausted his remedy before OSC, his appeal must be dismissed as untimely filed.  *Id.*, ¶ 13.

¶9        The record does not indicate the date the appellant filed the second OSC complaint, MA-14-1990.  The administrative judge found in the alternative that, as to this complaint, the appellant did not exhaust his administrative remedies with OSC because, despite being ordered to do so, he failed to submit a copy of

the complaint, and because OSC's termination letter lacked specificity regarding the actual disclosures he raised in that complaint. ID at 13-14.

¶10        The Board has recently clarified the substantive requirements of exhaustion. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. The requirements are met when an appellant has provided OSC with sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that have been previously raised with OSC. However, an appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC. An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. An appellant may also establish exhaustion through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Id.*

¶11        It is true that the appellant failed to submit a copy of OSC complaint MA-14-1990. However, this is not required to establish jurisdiction. According to the March 26, 2015 notice of appeal rights issued by OSC, the appellant alleged in this complaint that the agency constructively discharged him in retaliation for filing an OIG complaint regarding a violation of its internal manual, 3 FAM 4377, which prohibits employees from making false or unfounded statements concerning an officer or employee of the U.S. Government, and 5 U.S.C. § 2302(b)(7), which prohibits nepotism. According to the closure letter, the appellant alleged that a female subordinate unjustly accused him of sexual harassment in order to have him removed from post, thereby assisting the Consul

General in promoting her husband into the appellant's former position.[4] IAF, Tab 1 at 4.[5] Therefore, contrary to the administrative judge's alternative finding, we find that OSC's March 26, 2015 closure letter is sufficient to establish exhaustion.

¶12 The administrative judge otherwise found that the matters the appellant disclosed to the OIG were not protected under 5 U.S.C. § 2302(b)(8) of the WPA and that therefore the Board lacked jurisdiction over these claims. ID at 10-13. However, the Whistleblower Protection Enhancement Act of 2012 (WPEA) expanded the Board's jurisdiction over IRA appeals, providing that protected activities include both disclosures defined by 5 U.S.C. § 2302(b)(8), and activities defined by 5 U.S.C. §§ 2302(b)(9)(A)(i), (B), (C), or (D). *See* 5 U.S.C. § 1221(a). Under subsection (C), an employee engages in protected activity when he cooperates with or discloses information to the OIG "in accordance with applicable provisions of law." Notwithstanding the comprehensive jurisdictional order he issued, IAF, Tab 15, the administrative judge failed to consider that, in OSC complaint MA-14-1990, the appellant alleged that the agency retaliated against him because of his protected activity in filing with the OIG. IAF, Tab 1 at 4; Tab 7 at 105-113. As such, based on the record evidence, we find that the appellant nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when he filed the OIG complaint.

¶13 To establish the Board's jurisdiction over his IRA appeal, the appellant also must nonfrivolously allege that the protected activity was a contributing factor in

---

[4] These are the same claims the appellant raised in his OIG complaint. IAF, Tab 7 at 105-113.

[5] While 5 U.S.C. § 1221(f)(2) provides that OSC's decision to terminate its investigation may not be considered in an IRA appeal, "[t]he purpose of this evidentiary rule . . . is to ensure that a whistleblower is not 'penalized' or 'prejudiced' in any way by OSC's decision not to pursue a case." *Costin v. Department of Health & Human Services*, 64 M.S.P.R. 517, 531 (1994). However, there is no statutory violation in the Board's consideration of OSC's closure letter solely to determine the issue of exhaustion. *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 10 (2016).

the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). One way an employee can make such an allegation is by means of the knowledge-timing test, that is, through circumstantial evidence, including evidence that the official taking the personnel action knew of the protected activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the personnel action. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 (2011).

¶14      The appellant asserted below that, based on the report of investigation prepared regarding the equal employment opportunity complaint he filed on October 24, 2013, his supervisor at the time he retired was aware that he had earlier filed an OIG complaint, although the supervisor was not mentioned in it. IAF, Tab 12 at 20. However, while the appellant retired on November 13, 2013, when he became eligible, 6 months after he filed the OIG complaint, he acknowledged that he began to plan his retirement on January 12, 2012, a year and a half before he filed the OIG complaint. *Id.* at 8-9, 12-13. Based on this circumstantial evidence, we find that a reasonable person could not conclude that the appellant's protected activity was a contributing factor in his retirement, and, therefore, he failed to make the necessary nonfrivolous allegations to establish the Board's jurisdiction over his IRA appeal.[6] The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113.

---

[6] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                  /s/ for

                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.